UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARLOS ALEJANDRO RAMIREZ | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CV-107-TLS |
| | ) | (1:10-CR-19) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 33] filed on April 2, 2012. The Defendant, who is now proceeding pro se, contends that his attorney rendered ineffective assistance of counsel because he failed to notify the Defendant during plea negotiations that his federal sentence would not run concurrently with a separate sentence on a pending charge in state court. For the reasons set forth in this Opinion and Order, the Defendant's Motion will be denied.

**BACKGROUND**

On March 24, 2010, a federal grand jury returned a two count Indictment [ECF No. 1] against the Defendant, charging him with a violation of 21 U.S.C. § 846 for conspiring to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance; and violations of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 for distributing 50 grams or more of methamphetamine, a Schedule II Controlled Substance, or aiding and abetting the same. On March 25, 2010, the Defendant's request for appointment of counsel was granted. [ECF No. 7] and an appearance of counsel was entered by Thomas N. O'Malley on behalf of the Defendant. [ECF No. 8.]

On June 9, 2010, the Defendant and the Government filed a Plea Agreement in which the Defendant agreed to plead guilty to Count 2 of the Indictment charging him with violations of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 in exchange for the dismissal of Count 1 of the Indictment charging him with a violation of 21 U.S.C. § 846. (Plea Agr. ¶ 8(a) & 8(d), ECF No. 15.) The Plea Agreement contained the Defendant's acknowledgment that the Court would determine an appropriate sentence:

> I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

(Plea Agr. ¶ 7, ECF No. 15.) The Plea Agreement contained no reference to the Defendant's state sentence. The Plea Agreement also contained the following waiver:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agr. ¶ 8(e)).

On June 23, 2010, the Court conducted a change of plea hearing, at which the Defendant,

2

pursuant to the Plea Agreement, pled guilty to Count 2 of the Indictment. [ECF No. 18.] Because the Defendant reads, writes, and speaks the Spanish language, the hearing was interpreted by a sworn and court-certified interpreter.

Prior to accepting the Defendant's plea, the Court swore the Defendant and made detailed inquiry into his competence to plead, the voluntariness of his plea, and his understanding regarding specific terms of the Plea Agreement. The Court found that the Defendant was fully competent and capable of entering an informed plea, that the Defendant was aware of the charges and the consequences of the plea, and that the plea of guilty was knowing and voluntary, and supported by an independent basis in fact containing each of the essential elements of the offense. The Court also inquired as to the binding terms of the Plea Agreement. The Court specifically inquired regarding (1) the Defendant's waiver of his right to appeal his conviction, sentence, and any restitution order imposed or the manner in which his conviction, sentence, or restitution order was determined or imposed; (2) his waiver of his right to collaterally attack through a habeas corpus petition his conviction, sentence, or restitution order and the manner by which his conviction, sentence, or restitution order was imposed; and (3) his waiver of his right to claim ineffective assistance of counsel (except as to ineffectiveness directly involving the appellate waiver or its negotiation). During the hearing colloquy, the Defendant affirmed his understanding of all terms contained within the Plea Agreement. Accordingly, the Court accepted the plea and adjudged the Defendant guilty of the offense.

On October 4, 2010, the Court sentenced the Defendant to 87 months imprisonment for Count 1. [ECF No. 26.] The Defendant's sentence became final on October 18, 2010. At the time of his federal sentencing, the Defendant was facing a pending charge in state court for separate

conduct involving illegal drugs. The state charge was based on conduct occurring between December 2009 and March 2010. The Defendant was sentenced in state court on July 8, 2011.

On April 2, 2012, the Defendant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 33]. On April 16, 2012, the Government filed a Response to the Motion Under 28 U.S.C. § 2255 [ECF No. 35]. On May 3, 2012, the Defendant filed a Reply to the Government Opposition [ECF No. 36].

**DISCUSSION**

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). "[R]elief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted).

The Defendant contends that he is entitled to relief because his attorney provided ineffective assistance of counsel in advising him as to the Plea Agreement; specifically, the Defendant states that he did not knowingly and voluntarily assent to the Plea Agreement because

4

his attorney failed to notify him that his federal sentence would not run concurrently with his state sentence.

The Government argues that the Defendant's Motion is barred by (1) the one-year period of limitation, pursuant to 28 U.S.C. § 2255(f); and (2) the waiver provision in the Plea Agreement.

**A. Period of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, as contained in 28 U.S.C. § 2255, establishes a limitation period for § 2255 motions. The relevant subsections reads as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Defendant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Here, the one-year period of limitation ran from October 18, 2010—the date the Defendant's sentence became final—until October 18, 2011. The Defendant filed this motion on April 2, 2012, a date outside the one-year period of limitation. The Defendant did not address the one-year period of limitation in either his § 2255 motion or his reply to the Government's

Opposition.[1] No facts indicate that subsections (2) – (4) apply here.

Because the Defendant's motion was not filed within one year of the date his judgment of conviction became final—October 18, 2010—the motion is not timely and is barred by the one-year period of limitation under § 2255(f).

**B. Waiver Provision**

Alternatively, the Defendant's motion is also barred by the waiver provision of the Plea Agreement.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court

---

[1] The Defendant's § 2255 motion states: "Petitioner is not well spoken in English and now through due diligence files this petition . . . ." However, as discussed below, when the Defendant's federal sentence became final, he knew, or would have known through the exercise of due diligence, that the Court had not ordered his federal sentence to run concurrently with his pending state sentence. At the change of plea hearing, with the assistance of a sworn and court-certified interpreter, the Defendant said he understood that the Plea Agreement contained all the terms to which he and the Government agreed. The Plea Agreement contained no reference to the Defendant's state sentence.

'relied on a constitutionally impermissible factor (such as race)', the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144-45); *see also Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012).

Here, the Defendant's Plea Agreement waives the right to appeal and the right to collaterally attack the conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The language is both clear and unambiguous—and the Defendant does not argue otherwise.

Nonetheless, the Defendant contends that the waiver provision is unenforceable because the Plea Agreement, as a whole, was unintelligent or involuntary because of ineffective assistance of counsel. *Hurlow v. United States*, 726 F.3d 958, 964-65 (7th Cir. 2013); *see also United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled (for example, because involuntary)." (citations omitted)).

At the outset, in making his ineffective assistance of counsel claim, the Defendant asks the Court to effectively disregard his statements made within the Plea Agreement and at the change of plea hearing. Throughout the written Plea Agreement, which the Defendant signed, the Defendant expressed his understanding of his rights and the various waivers contained in the Plea Agreement. In Paragraph 11, the Defendant stated his belief that his "lawyer ha[d] done all that anyone could do to counsel and assist [him], and that [he] . . . underst[oo]d the proceedings in this case against [him]." In Paragraph 12, he declared that he "offer[ed] [his] plea of guilty freely and voluntarily and of [his] own accord," and that "no promises ha[d] been made to [him]

other than those contained in this agreement, nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement." The Plea Agreement contained no reference to the Defendant's state sentence.

Further, at his change of plea hearing, the Defendant stated under oath—and with the assistance of a sworn and court-certified interpreter— that he understood the terms of the Plea Agreement. This statement is strongly presumed to be true. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). To grant the Defendant's claim would require the Court to find that the Defendant would not have accepted the Plea Agreement had he understood it contained no promise of concurrent sentences—even though the Court reviewed the Plea Agreement with the Defendant, and even though the Defendant stated that he did understand that there were no promises except those found in the Plea Agreement. While such statements are not an insurmountable barrier to relief, overcoming the presumption of verity afforded to sworn statements made at a change of plea hearing is an "uphill battle." *United States v. Bowlin*, 534 F.3d 654, 659 – 60 (7th Cir. 2008); *see also Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986) (stating that "the representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.")

As discussed below, the Defendant fails to put forth sufficient evidence to establish an ineffective assistance of counsel claim that overcomes the strong presumption that his previous statements were true and accurate.

***Ineffective Assistance of Counsel***

A claim that ineffective assistance of counsel precluded a knowing and voluntary guilty

plea is not barred by a waiver of collateral review in a plea agreement. To establish ineffective assistance of counsel, a defendant must satisfy a two-prong standard. *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must demonstrate that his attorney's representation was "deficient" because it "fell below an objective standard of reasonableness." *Id*. at 687–88. Second, a defendant must show that this deficient performance prejudiced his defense. *Id.* at 694. Prejudice is demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

> A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.

*Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (internal quotation marks and citations omitted); *see also Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011) ("To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [a court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.") (citing *Strickland*, 466 U.S. at 689).

In his § 2255 motion, the Defendant argues that counsel failed to present to the Court the Defendant's request that his federal sentence and his pending state sentence run concurrently. The Defendant specifically cites 18 U.S.C. § 3584(a), which provides that a court may order sentences to run concurrently "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment."

9

However, § 3584(a), by its plain language, applies only when a court is sentencing a defendant to multiple terms of imprisonment "at the same time," or when a court sentences a defendant "already subject to an undischarged term of imprisonment." When the Court sentenced the Defendant, he was not "already subject to an undischarged term of imprisonment," because his charge in state court was still pending. Neither did the Court sentence the Defendant to multiple terms of imprisonment "at the same time." Accordingly, counsel's performance was not deficient for failure to ask the Court to do something impermissible under § 3584(a).

Further, to the extent that the failure to make the Defendant's request—as opposed to a failure to properly advise the Defendant during Plea Agreement negotiations—is the alleged deficiency, that goes to performance at sentencing, and would be barred by the waiver provision of the Plea Agreement. *See Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000) (stating that ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

In his Reply to Government Opposition, the Defendant appears to have modified his argument by stating that "Counsel [m]isadvi[s]ed [him] during the [n]egotiation of the plea and waiver as the plaintiff was under the [i]mpression that he would not be under [pending state charges] or that they would run concurrent with [the federal sentence]."

But aside from his assertion, the Defendant puts forth no objective evidence to counteract

10

*Strickland*'s strong presumption of reasonable professional assistance. *See Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987) ("we expect that few petitioners will be able to pass through the 'eye of the needle' created by *Strickland*.") Due to *Strickland*'s high bar, even a gross mischaracterization of the sentencing consequences of a plea is not proof of constitutional deficiency. *Bethel v. United States,* 458 F.3d 711, 717 (7th Cir. 2006); *see also United States v. Dumes,* 313 F.3d 372, 383 (7th Cir. 2002) (upholding denial of motion to withdraw guilty plea when defendant was not advised that he was a career offender).

And second, as to the prejudice prong of ineffective assistance analysis, the Defendant has also not established with objective evidence a reasonable probability that, but-for counsel's advice, he would not have accepted the plea. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *see also Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (citing *Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007) (stating that, in the plea agreement context, the prejudice prong focuses on whether counsel's performance was a decisive factor in the decision to plead guilty rather than to pursue other options). The Seventh Circuit has "stated many times that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel*, 458 F.3d at 718; *cf. Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (holding that the defendant's self-serving statement alone was insufficient to establish prejudice with respect to acceptance of a plea).

Here, the Defendant offers only a bare assertion that he would not have accepted the Plea Agreement, but for his attorney's ineffective assistance of counsel. In light of the Defendant's previous assent and express understanding of the terms of the Plea Agreement—which contained no reference to the Defendant's sentence in state court—the Defendant's assertion is not enough

11

to meet the requirements for avoiding dismissal.

Accordingly, the Defendant has failed to put forth sufficient evidence to establish an ineffective assistance of counsel claim. The Defendant's 28 U.S.C. § 2255 is therefore barred under the waiver provision of the Plea Agreement.

**C.     Evidentiary Hearing Request**

The Defendant has requested that the Court conduct an evidentiary hearing to develop the record regarding the ineffective assistance claims he presents. A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds that the Defendant's Motion along with the files and records of this case conclusively show that the Defendant is entitled to no relief. Consequently, an evidentiary hearing is not warranted, and the Court denies his request.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 33] is DENIED.

SO ORDERED on November 21, 2014.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT